**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR AUGUSTO AMBROCIO, | No. 08-75199 |
| Petitioner, | Agency No. A071-586-330 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Cesar Augusto Ambrocio, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination on the basis of inconsistencies in Ambrocio's testimony regarding when he received the threatening letters and on the basis of the omission of his union activities from his asylum application and interview. *See id.* at 1124 (inconsistency regarding when petitioner received threats); *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (omission of political activism from petitioner's application and interview). Further, Ambrocio's explanations of the inconsistencies and omission do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (explanation for omitting incidents was plausible, but record did not compel belief "in light of the importance of the omitted incidents to his asylum claim"). Accordingly, in the absence of credible testimony, Ambrocio's asylum and withholding of removal claims fail.

Finally, substantial evidence also supports the agency's denial of CAT protection because Ambrocio's CAT claim relies on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel a finding it is more likely than not he would be tortured

2                                                              08-75199

if returned to Guatemala.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir.

2003).  Accordingly, Ambrocio's CAT claim fails.

**PETITION FOR REVIEW DENIED.**